UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN MICHAEL WALTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-2705-SPM |
| | ) | |
| DR. UNKNOWN HASTINGS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Shawn Michael Walther for the appointment of counsel. (Docket No. 7). The motion will be denied without prejudice.

The appointment of counsel for a plaintiff in a civil case lies within the discretion of the Court. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Once the plaintiff alleges a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate that claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including the complexity of the factual and legal aspects of the case, the ability of the plaintiff to investigate the facts, whether the plaintiff's claims involve information that is readily available to him, the existence of conflicting testimony, and the plaintiff's ability to present his claim. *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In some instances, a court may deny a motion for appointment of counsel without prejudice because it believes the record is insufficient to determine, one way or the other, whether it is appropriate to appoint counsel when the above factors are considered. *See id.* For example, discovery may not have begun at the time of the motion to appoint counsel, so there is no conflicting testimony. Also, there may be no indication in the record that the plaintiff lacks the ability to investigate or present his case where he correctly identifies the applicable legal standard governing his claims, and his complaint contains all essential information.

In this case, the record is presently insufficient to determine, one way or the other, whether the appointment of counsel is appropriate. The defendants have yet to be served with process and discovery has not begun, so there is no conflicting testimony. The claims plaintiff has presented are not factually or legally complex, nor do they appear to involve information that is unavailable to plaintiff. In addition, plaintiff has demonstrated himself to be well able to investigate and present his case. However, the Court recognizes that the relevant circumstances may change as discovery takes place. The Court will therefore deny the motion for the appointment of counsel, without prejudice. If appropriate at a later stage of this litigation, plaintiff may file a motion to appoint counsel that addresses the foregoing factors.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel (Docket No. 7) is **DENIED** without prejudice.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of April, 2018.