**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SHAWN MICHAEL WALTHER,        ) | |
|         ) | |
|      Plaintiff,        ) | |
|         ) | |
|      v.         ) | Case No. 4:17-CV-2705-SPM |
|         ) | |
| YONAS HABTEMARIAM, et al.,        ) | |
|         ) | |
|      Defendants.        ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Joint Motion for Extension of Time to File Motions for Summary Judgment. (Doc. 50). Plaintiff has filed an opposition, and Defendants have filed a reply. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 21). For the reasons stated below, the motion will be denied.

### I.   BACKGROUND

On November 9, 2017, Plaintiff filed his *pro se* complaint in this case. (Doc. 1). Plaintiff, a pretrial detainee at the St. Louis County Justice Center, asserted claims pursuant to 42 U.S.C. § 1983 against several defendants related to his treatment at that facility. On May 31, 2018, the Court entered its initial Case Management Order ("CMO") and, consistent with Local Rules 5.01-5.04 and this Court's Differentiated Case Management system, assigned this case to "Track 5 (Prisoner)." (Doc. 20). Pursuant to the CMO, the deadline for completion of all discovery was November 30, 2018. In compliance with the standardized CMOs entered in Track 5 Prisoner cases, the deadline for filing motions for summary judgment was January 2, 2019 and the CMO specifically stated that "[f]ailure to timely file a motion for summary judgment will waive a party's

right to do so before trial," and that "[i]f no motion for summary judgment is filed by the date set above, the case will be set for trial forthwith."

Because no dispositive motions were filed by the deadline in the CMO, the Court appointed counsel for Plaintiff and set the case for a scheduling conference to discuss a potential trial date and related matters. (Doc. 28). At the conference, Plaintiff's new counsel requested an extension of the deadline for discovery to permit Plaintiff's new counsel and Defendants' counsel time to conduct depositions of the parties and fact witnesses. Defendants did not oppose the request for additional time to conduct discovery, nor did Defendants request an extension of the time for filing summary judgment motions. On May 21, 2019, following the scheduling conference, the Court entered an Amended CMO, which stated that "[t]he deadline for filing motions for summary judgment has expired," set a new discovery deadline of October 31, 2019, and set a trial date of February 24, 2020. (Doc. 30).

On October 8, 2019, Plaintiff filed a motion to compel, stating that Defendants never responded to discovery requests that Plaintiff served on August 7, 2019 (with answers due September 6, 2019), despite numerous follow-up calls and emails. (Doc. 32). Defendants did not file any response to the motion to compel. At a status conference held on October 17, 2019, counsel for Defendants indicated that his workload had prevented him from responding to the requests. The Court granted the motion to compel, ordered Defendants to provide responses on a rolling basis, to be completed no later than November 27, 2019, and awarded Plaintiff attorney's fees associated with the motion to compel. (Doc. 35). The Court also entered a Second Amended CMO, which stated that "[t]he deadline for filing motions for summary judgment has expired," set a new deadline of March 2, 2020 for completion of discovery, and set a new trial date of July 7, 2020. (Doc. 34).

On December 5, 2019, Associate County Counselor Michael E. Hughes withdrew as counsel for Defendants, and Associate County Counselor Andrea Staci Alper entered her appearance as counsel for all Defendants. (Doc. 40). On February 14 and February 18, 2020, respectively, Charles Zachary Vaughn and Gregory D. Debeer also entered their appearances on behalf of Defendant Christi Gonzalez. On February 21, 2020, the Court held a case status conference. At that conference, the parties indicated that depositions were ongoing and should be completed in March 2020. Defendants' counsel mentioned that Defendants might wish to file motions for summary judgment, and either Plaintiff's counsel or the Court noted that the time for filing such motions had expired. Defendants did not move for an extension of the deadline to file summary judgment motions at that time. Defendants state in their briefing that on February 25, 2020, during a conference call between the parties, Plaintiff's counsel declined to consent to a request for extension of time to file summary judgment motions. *See* Def.'s Reply, Doc. 54, at 3.

Several depositions were conducted in March. However, due to restrictions related to the COVID-19 pandemic, some depositions could not be completed. In particular, Plaintiff's deposition was cancelled and has not been rescheduled. Def's Mot., Doc. 50, at 2.

On April 3, 2020, Defendants filed an unopposed joint motion to continue the trial setting, stating that restrictions caused by the COVID-19 pandemic had made it impossible to complete certain depositions. (Doc. 48). Defendants requested a continuance of the trial setting to October 26, 2020. On April 7, 2020, the Court granted the motion, finding good cause to continue the trial date. (Doc. 49). The Court entered a "Trial Setting Order" setting a new trial date of October 26, 2020. (Doc. 49). Defendants' motion did not request a new discovery deadline or a new deadline for filing summary judgment motions, and the Court's order did not address any deadlines other that those specifically related to trial.

On  April 27, 2020, Defendants filed the instant motion, requesting that the Court extend

the deadline for filing summary judgment motions to a date thirty days after the close of fact

discovery. (Doc. 50). Because the close of discovery has been indefinitely delayed due to the

COVID-19 pandemic, the specific date requested by Defendants is unclear. Plaintiffs filed a

memorandum in opposition to the motion, and Defendants filed a reply.

## II.      DISCUSSION

The deadline for filing motions for summary judgment expired on January 2, 2019. Thus,

the Court evaluates Plaintiff's motion for extension of time under Rule 6(b)(1)(B) of the Federal

Rules of Civil Procedure.[1] Under Rule 6(b)(1)(B), the Court may extend the time set by a rule "on

motion made after the time has expired if the party failed to act because of excusable neglect."

Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is an 'elastic concept' that empowers courts to

accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as

well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*,

600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.

P'ship*, 507 U.S. 380, 392, 388 (1993)). "The determination of whether neglect is excusable 'is at

bottom an equitable one, taking account of all relevant circumstances surrounding the party's

omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). The factors to be considered include "(1) the

possibility of prejudice to [the non-moving party]; (2) the length of [the moving party's] delay and

the possible impact of that delay on judicial proceedings; (3) the reasons for [the moving party's]

delay, including whether the delay was within [the moving party's] reasonable control; and (4)

---

[1] To the extent that Defendants suggest that the deadline for filing summary judgment motions may not have expired because the Court did not mention the expired deadline in the order setting trial, that suggestion is without merit. The fact that the deadline expired so long ago that the Court no longer found it necessary to mention it in scheduling orders is not an indication that the deadline can now be disregarded.

whether [the moving party] acted in good faith." *Id.* (internal quotation marks omitted).

After carefully considering the foregoing principles and the record before this Court, I find that Defendants' motion should be denied. First, the summary judgment deadline expired more than 15 months before Defendants filed the instant motion. Defendants seek to extend that deadline until an uncertain date in the future, to result in a total delay of well over 15 months. Notwithstanding the extraordinary delay Defendants are asking this Court to sanction, as Plaintiff's correctly point out, Defendants have requested an extension of the summary judgment deadline without providing any explanation as to why they missed the summary judgment deadline in the first place. Even when the change of counsel in December 2019 is considered, Defendants' motion fails to explain why substitute counsel waited so long to seek leave to file a motion for summary judgment.

The absence of any plausible explanation for the delayed request to file a summary judgment motion out of time is even more troubling in light of the fact that, from its inception, this case was assigned as a Track 5 Prisoner Case. As such, it is and has been subject to "[s]pecial case management guidelines" under this Court's Differentiated Case Management system. L.R. 5.01. Those special case management guidelines, which are reflected in the standardized CMO entered in this case, make clear that, to promote judicial economy, Track 5 cases are not set for trial until "after the motion [for summary judgment] has been ruled upon. [And,] [i]f no motion for summary judgment is filed by the date set [in the CMO], the case will be set for trial forthwith." *See* Doc. 20. The Court's standardized Prisoner Case Management Order also makes clear that the failure to timely file a motion for summary judgment waives a party's right to do so before trial. *See* Doc. 20. Defendants have offered no authority or argument as to why this Court should not enforce its Case Management Order as written and find that Defendants have waived their right to file a

5

summary judgment motion before trial.

Even if Defendants did not waive their right to seek summary judgment by failing to timely file a summary judgment motion, the instant motion should be denied. That there was neglect on the part of the Defendants is indisputable. However, without an explanation for the extraordinary delay in this case that goes beyond the after-the-fact speculation offered by defense counsel, this Court cannot evaluate whether Defendants' neglect was excusable. Indeed, after weighing the relevant factors, the Court finds that Defendants have not made a showing of excusable neglect that would warrant an extension of the deadline for filing summary judgment motions.

As to the first factor—the possibility of prejudice to Plaintiff as the non-moving party—Defendants argue because the trial date is not until October 2020, the impact on judicial proceedings will be minimal, and Plaintiff will still have ample time to respond to summary judgment in advance of trial. However, it is not at all apparent to the Court that is true. Defendants do not propose a particular deadline for filing summary judgment motions; instead, they propose a deadline to be set thirty days from the close of discovery. It appears that parties' ability to complete  discovery has been indefinitely delayed due to the COVID-19 pandemic and the parties' inability to schedule Plaintiff's deposition. Depending on how long it takes for discovery to be completed, it is certainly possible that adding to the schedule the periods of time required by Defendants' request (a thirty-day period for preparing summary judgment motions, a forty-day period for briefing those motions, and a reasonable period for the Court to resolve those motions in advance of the deadline for pretrial filings) could affect the trial setting and thereby cause further delay and prejudice to Plaintiff. Thus, it is certainly possible that this delay could result in prejudice to Plaintiff and/or delay in judicial proceedings, even if it is not certain.

The second factor—the length of the delay and the possible impact on judicial

proceedings—weighs strongly against Defendants. The relevant deadline expired more than 15 months before Defendants filed the instant motion, and Defendants seek to extend that deadline until an uncertain date in the future, to result in a total delay of well over 15 months. In contrast, the sole case on which Defendants rely involved a motion filed three days after the relevant deadline that requested a total extension of nine days. *See Villines v. General Motors*, No. 00-613-CV-W-2-ECF, 2001 WL 36102766, at \*3 (W.D. Mo. Aug. 27, 2001).

The third factor—the reason for Defendants' delay, including whether the delay was within Defendants' reasonable control—also weighs heavily against Defendants. As Plaintiff points out, Defendants have not provided the Court with any reason why they missed the summary judgment filing deadline in the first place, nor have they explained why they waited so long before filing a motion to request an extension. Defendants argue that although they are not aware of prior counsel's specific reasons for failing to comply with the initial deadline, they believe it was likely an oversight and honest mistake. Even if this is taken as true, Defendants offer no explanation for their complete failure to act promptly once they were reminded that the deadline had expired. At the initial scheduling conference in May 2019, the Court expressly discussed with the parties the fact that the discovery deadline and summary judgment deadline had passed. Although Plaintiff immediately sought to have the discovery deadline extended, Defendants did *not* seek a corresponding extension to the summary judgment deadline. This appears to have been a decision on the part of Defendants' prior counsel, rather than an oversight. Based on the discussions at that conference, the Court entered an Amended CMO extending the discovery deadline and specifically noting that the summary judgment deadline had expired. When Plaintiffs later requested another extension of the discovery deadline at an October 2019 status conference (an extension that was required in part due to Defendants' failure to respond to Plaintiff's discovery requests), Defendants

again did not request an extension of time to file summary judgment motions, and the Court *again* entered a CMO specifically noting that the deadline for filing summary judgment motions had expired. Defendants did not object or seek leave to extend that deadline in the months that followed.

The Court recognizes that these failures and decisions were made by Defendants' prior counsel. But as Plaintiff points out, parties are accountable for the acts and omissions of their counsel. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 97 (noting that a party is "held accountable for the acts and omissions of their chosen counsel" and that "in determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable"); *Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992) ("It is a well-established principle that a party is responsible for the actions and conduct of his counsel . . .") (internal quotation marks omitted). *United State v. Spano*, No. 01 CR 348, 2007 WL 898795, at *2 (N.D. Ill. Mar. 21, 2007) (finding a party had not demonstrated excusable neglect based on a party's assertion that her previous attorney had simply not filed her claim on time, because "[n]o showing has been made of the reason why her previous attorney did not file the claim on time, and therefore there is no basis for us to find that his neglect was excusable"). Defendants provide no support for their suggestion that the Court may excuse their prior failings merely because they were made by a different counsel.

The Court also notes that Defendants' new counsel did not act promptly to attempt to remedy prior counsel's omission and errors. When new counsel for Defendants entered in December 2019 and February 2020 and (presumably) reviewed a CMO specifically noting an expired summary judgment filing deadline, they did not promptly seek an extension from the Court. The January 2019 summary judgment deadline thus remained in effect and unchallenged

8

for almost two years and through three case status conferences with the Court.[2] Defendants only sought leave to extend the deadline with the filing of the instant motion on April 27, 2020—more than fifteen months after the initial deadline, more than eleven months after the Court first reminded Defendants that the deadline had expired, more than four months after new counsel entered for Defendants, and more than two months after other new counsel entered for Defendant Gonzalez. Defendants offer no explanation for any of these delays.

The Court also notes that Defendants do not suggest that the failure to timely file a motion was beyond their control nor do they indicate that any change in circumstances led them to seek this extension at this time. They do not, for example, argue that fact discovery has recently revealed some previously uncontemplated defense that entitles them to summary judgment and will render trial unnecessary and a waste of judicial resources. Indeed, they do not even discuss the basis on which they anticipate moving for summary judgment.

Defendants also note that the Court previously granted an extension of the discovery deadline after Plaintiff obtained new counsel, and they ask that the Court consider their request using the same equitable principles that led to court to grant Plaintiff's requests. However, the two situations are not similar, and thus application of the same equitable principles does not lead to the same result. First, when Plaintiff missed the deadlines in the original CMO, Plaintiff was a *pro se* prisoner with no representation, not a party represented by counsel. Second, and more importantly, as soon as Plaintiff obtained counsel and counsel was made aware of the failure to comply with the discovery deadline, Plaintiff's counsel immediately sought and obtained additional time to conduct discovery and began attempting to conduct discovery. By contrast, when the missed

---

[2] Although Defendants' counsel mentioned the possibility of seeking leave to file late motions for summary judgment at the February 2020 case status conference, they did not actually seek leave for an extension of the deadline at that time.

summary judgment deadline was pointed out to Defendants, Defendants took no action. Instead, Defendants delayed the case further by failing to respond to Plaintiff's discovery requests, requiring Plaintiff to file a motion to compel and to seek another extension to the discovery deadline.

The fourth factor—whether Defendants are acting in good faith—is neutral at best. Even in light of Defendants' repeated and lengthy delays, the Court will assume that Defendants are acting in good faith in bringing their motion at this time. However, that good faith does not outweigh the other relevant factors in this case.

In sum, based on the extraordinary length of the delay in this case, the lack of reasons offered by Defendants to excuse the extraordinarily long delay, and the uncertainty regarding whether delayed filing of summary judgment motions will affect the trial date, the Court finds that Defendants have not made a showing of excusable neglect. Their motion will be denied.

Finally, the Court must address the deadline for completion of discovery. Although the deadline for completion of discovery has now expired, it appears to be undisputed that the parties have been unable to complete discovery due to no fault of the parties but due to the restrictions related to the COVID-19 pandemic. Thus, although no party has moved for an extension of time to complete fact discovery, the Court will do so *sua sponte* and will set a deadline of August 24, 2020, for the completion of all discovery. That deadline should permit sufficient time for the parties to complete discovery and to prepare for the October 2020 trial.

### III.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion for Extension of Time to File Motions for Summary Judgment (Doc. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that all fact discovery in this case shall be completed no later than **August 24, 2020**. As set forth in the Court's Standing Order regarding civil case management procedures during the COVID-19 pandemic, the parties are encouraged to use all available technologies to accomplish the goal of moving this case forward, including, but not limited to, telephone and videoconference depositions.

_____

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of May, 2020.